1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROHIT BIOCHEM PVT. LTD,
     et al.,
11
                     Plaintiffs,                No. CIV S-07-1575 FCD GGH
12
              v.
13

14   ARYA GROUP, INC., et al.,
                                         _____ FINDINGS AND RECOMMENDATIONS
15
                     Defendants.
16   _____/

17              Plaintiffs' motion for entry of default judgment against defendants Arya Group,

18   Inc. and Rayan Laxmanan, was heard on April 23, 2009.  After hearing, and upon review of the

19   motion and the supporting documents, and good cause appearing, the court issues the following

20   findings and recommendations.

21   BACKGROUND

22              On August 2, 2007, plaintiff filed the underlying complaint in this action.  The

23   complaint was amended on October 27, 2008, naming defendants Arya Group, Inc. and Rayan

24   Laxmanan.  The amended complaint alleges that plaintiffs had a written agreement whereby

25   defendants would loan them $2 million for business ventures in exchange for plaintiffs' advance

26   of $100,000.  The agreement provided that defendants would repay the $100,000 to plaintiffs if

                                              1

they failed to provide the loan.  Defendants failed to fund the loan and did not return the $100,000, but did eventually provide a check for $100,000 drawn on insufficient funds. Thereafter, plaintiffs brought suit for breach of contract, fraudulent deceit, and common counts. The action is based on diversity.

The summons and complaint were served on both defendants by substituted service on November 24, 2008, with follow up service by U.S. mail on both defendants on November 25, 2008.  Fed. R. Civ. P. 4(e)(2); 4(h).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants failed to file an answer or otherwise appear in this action.  On December 18, 2008, the clerk entered default against defendants the Arya Group and Rayan Laxmanan.

The notice of hearing on the motion for default judgment were served by mail on defendants at their last known address.  Defendants filed no opposition to the motion for entry of default judgment and did not appear at the hearing.  Plaintiffs seek an entry of default judgment in the amount of $100,000 plus costs, attorneys' fees, and interest from the date of judgment until paid.

DISCUSSION

I.  Service of Process

After much deliberation and research, the court concludes that service of process was effected in accordance with the requirements of Fed. R. Civ. P. 4 (e)[1] which governs federal

---

[1] Fed. R. Civ. P. 4 (e) ("Serving an Individual Within a Judicial District of the United States") provides in pertinent part:

[A]n individual . . . may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

2

1  service of process upon individuals, and 4(h), which governs service on corporations and

2  partnerships.[2]  "Before a federal court may exercise personal jurisdiction over a defendant, the

3  procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the

4  procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts

5  jurisdiction over the person of the party served.'  Mississippi Publishing Corp. v. Murphree, 326

6  U.S. 438, 444-445 [] (1946).  Thus, before a court may exercise personal jurisdiction over a

7  defendant, there must be more than notice to the defendant and a constitutionally sufficient

8  relationship between the defendant and the forum."  Omni Capital Intern., Ltd. v. Rudolf Wolff

9  & Co., Ltd., 484 U.S. 97, 104 (1987).

10          Here, the returns of summons indicate that the process server first attempted

11  personal service three times at the given home address for defendants in Davis.  The first two

12  times there was no response.  On the third try, the current occupant answered the door and said

13  ─────────────────────

14          (A) delivering a copy of the summons and of the complaint to the
            individual personally;
15          (B) leaving a copy of each at the individual's dwelling or usual
            place of abode with someone of suitable age and discretion who
16          resides there; or
            (C) delivering a copy of each to an agent authorized by
17          appointment or by law to receive service of process.

18  California law provides for service of a summons upon "persons not otherwise specified" "by
    delivering a copy of the summons and of the complaint to such person or to a person authorized
19  by him to receive service of process." Cal. Civ. Proc. Code § 416.90(b).  If, after reasonable
    diligence, the summons and complaint cannot be personally delivered in accordance with Section
20  416.90, substituted service is permitted as follows:  "[A] summons may be served by leaving a
    copy of the summons and complaint at the person's dwelling house, usual place of abode, usual
21  place of business, or usual mailing address other than a United States Postal Service post office
    box, in the presence of a competent member of the household or a person apparently in charge of
22  his or her office, place of business, or usual mailing address other than a United States Postal
    Service post office box, at least 18 years of age, who shall be informed of the contents thereof,
23  and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage
    prepaid to the person to be served at the place where a copy of the summons and complaint were
24  left. Service of a summons in this manner is deemed complete on the 10th day after the mailing."
    Cal. Civ. Proc. Code § 415.20 (b).

25

26      [2]  Subdivision 4(h) provides that, among other methods, corporations and partnerships
    may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual...."

3

the servees were unknown at that address. (Docket #s 27, 28.)  Both defendants Laxmanan and Arya Group were then served by substituted service on Gustavio Bermudez, the owner of "Post Marks," a mail box drop, which was provided as defendants' business address.  This service was followed with mail service on both Laxmanan and Arya Group at the same address as the mail box drop.

Under California law, substituted service at a private or commercial mailbox is proper if the mailbox is considered the party's usual mailing address.  Ellard v. Conway, 94 Cal.App.4th 540, 546, 114 Cal.Rptr.2d 399, 403 (2001).  As in Ellard, "no facts suggest personal or substitute service was available at any other address or on any other individual."  Id.  Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 614 (C.D. Cal. 1995), which holds that substitute service at a private post office box is improper, was distinguished because it based its holding on the fact that there was an alternative means of service, the attorney for the defendants.  Id.  In this case, the process server attempted personal service three times before substituted service was made.  Bonita, 165 F.R.D. at 613 (two or three attempts at personal service sufficient).  There was no other available address for personal or substitute service, and defendants are not represented by counsel.  Furthermore, it is true that if the California legislature intended to include private mailboxes in its exclusion of post office boxes, it would not have used the language "United States Postal Service" preceding "post office box" in Cal. Civ. Proc. Code § 415.20(b).  Burrows v. City of League City, Texas, 985 F. Supp. 704, 706 (S.D.Tex. 1997).

The court finds that service on both defendants was proper.

II.  Relief Requested

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of

1    default judgment also support the finding that plaintiffs are entitled to the relief requested.  There

2    are no policy considerations which preclude the entry of default judgment of the type requested.

3    See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

4            After determining that entry of default judgment is warranted, the court must next

5    determine the terms of the judgment.  The agreement at issue provides for repayment of the

6    $100,000 advance if the loan is not funded.  First Am. Compl., Attach. at ¶ 2.  Therefore,

7    plaintiffs' request for damages in the amount of $100,000 is supported.

8            Although the agreement also provides for binding arbitration, First Am. Compl.,

9    Attach. at ¶ 13, the court finds that defendants have waived the right to arbitration.  AT&T Corp.

10   v. Innocom Telecom LLC, 2007 WL 163193, *3 (N.D. Cal. 2007) (delay of assertion of right to

11   arbitration by party may result in waiver if opposing party incurs actual prejudice).

12                          Costs and Attorneys' Fees

13           Since the arbitration agreement has been waived, plaintiffs are not precluded from

14   recovering costs and fees.  Plaintiffs have submitted the declaration of Chad Carlock in support

15   of the requested amounts of $814.91 in costs and $4,005 in attorney's fees.  Therefore, plaintiffs'

16   request for costs and attorneys' fees will be granted.

17                               Interest

18           Plaintiffs seek interest from the date of judgment until paid.  Post-judgment

19   interest is governed by federal law.  Northrop Corp. v. Triad Int'l Mktg. S.A., 842 F.2d 1154,

20   1155 (9th Cir. 1988).  The rate of post-judgment interest is determined under 28 U.S.C. § 1961

21   which provides that "[s]uch interest shall be calculated from the date of the entry of the

22   judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

23   published by the Board of Governors of the Federal Reserve System, for the calendar week

24   preceding ... the date of the judgment."  By way of example, the current rate of interest set by the

25   Federal Reserve Board for one year constant maturities for the week of May 4, 2009 is .49%.

26   Therefore, post-judgment interest should be set at the federal rate to be determined at the time of

1   judgment for the calendar week preceding that date.  See www.federalreserve.gov.

2          Based on the evidence submitted in connection with the instant motion, the

3   undersigned will recommend that the aforementioned amounts be awarded.

4   CONCLUSION

5          Accordingly, IT IS HEREBY RECOMMENDED that:

6          1.  Plaintiffs' February 4, 2009 motion for default judgment be granted on the

7   terms set forth below;

8          2.  Plaintiffs be awarded damages in the amount of $100,000;

9          3.  Plaintiffs be awarded fees and costs in the amount of $4,819.91; and

10         4.  Plaintiffs be awarded interest at a rate determined by the guidelines set forth in

11  28 U.S.C. § 1961 after judgment until paid.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within ten days after service of the objections.  The parties are advised

18  that failure to file objections within the specified time may waive the right to appeal the District

19  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: 6/09/09

21         /s/ Gregory G. Hollows

22         GREGORY G. HOLLOWS
           UNITED STATES MAGISTRATE JUDGE

23

GGH:076/Rohit1575.def.wpd

24

25

26